THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DEORN JEFFERSON, Defendant-Appellant.

First District (4th Division)    No. 62767

Opinion filed December 15, 1976.

James Geis and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and James B. Davidson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Deorn Jefferson was charged with the offense of unlawful use of weapons in violation of section 24—1(a)(10) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)). After a bench trial, the defendant was found guilty and sentenced to 1 year of conditional discharge and fined $100. Jefferson appeals and the sole issue raised on review is whether the State proved that the defendant knowingly carried a loaded revolver on her person. On October 13, 1976, this court affirmed the conviction of co-defendant, Esau Anderson, in *People v. Anderson* (1976), 42 Ill. App. 3d 1040, 356 N.E.2d 1076.

The facts reveal that on May 7, 1975, Louis Moisan, a uniformed police officer, was at 118th Street and Michigan Avenue when he and his partner were flagged down by a cab driver who told the officers that he was threatened by a man with a gun in a plaza at 115th and Michigan. The cab driver related the circumstances surrounding the altercation in the parking lot and described how the man pulled his jacket open, brandished a weapon, and threatened the cab driver with bodily harm. After refreshing his recollection from the case report, the officer testified that the cab driver described the vehicle in which defendant and co-defendant Anderson were riding as a blue 1973 Ford station wagon. According to the witness, the cab driver told the officer the car was a quarter of a block ahead of them and that the assailant was driving the vehicle.

After receiving this information, the officer made a U-turn, proceeded south, and stopped the station wagon at 119th and Michigan. Esau Anderson, the driver of the vehicle, was asked to get out of the car and the officer conducted a custodial search of his person. As the officer searched Anderson, the cab driver walked up and when he was told that there was

no weapon found on Anderson, he insisted that he had been threatened with a gun so the other three people in the vehicle were asked to step out of the car. When the three passengers were out of the car, Deorn Jefferson, the defendant, was told why the car was stopped and the officer asked her to open her purse. The officer testified that he did not search the woman's person, nor did he have his gun drawn, but he examined the contents of her purse, after she consented to the search, and found a gun inside.

After the motion to suppress the evidence was denied, Officer Moisan continued his testimony. The officer testified that after searching Deorn Jefferson, the defendant, he found a blue steel revolver in her purse. Immediately after discovering the gun, Anderson and Jefferson were arrested and taken to the station. Anderson was "Mirandized" and stated that he understood his rights. According to the officer, Anderson admitted that the weapon belonged to him, that he purchased it at the Dolton Gun Shop and produced a receipt to corroborate this fact. He also admitted placing the gun in Ms. Jefferson's purse, and that he didn't want to get her in trouble. Anderson further admitted that he threatened the cab driver, that they argued in the plaza at 115th Place and Michigan Avenue, and that the gun might have been displayed while his jacket was pulled back. Then during cross-examination by Anderson's attorney, the officer admitted that the gun was not recovered from the person of the co-defendant. And during cross-examination by Ms. Jefferson's attorney, the officer testified that she never made an attempt to conceal or shield the contents of her purse. On redirect, the officer testified that the zipper to Ms. Jefferson's purse was closed and that she opened it.

After the State rested, the defendant was called to the stand to testify. Ms. Jefferson testified that on the afternoon of May 7, 1975, she went shopping with her sister and two friends. They stopped at Hillman's on 114th and Michigan and the witness went into the store, purchased food, and returned to the vehicle. Before placing the groceries in the rear of the station wagon, Ms. Jefferson testified that she set her purse on the seat and then placed the bags in the car while co-defendant Anderson and the other two occupants remained in the car. When the car was loaded, the witness got into the back seat and the group proceeded down Michigan Avenue. As the car approached 119th and Michigan, the witness testified that the car was stopped by the police and the occupants of the car were searched. Ms. Jefferson testified that the officer asked to examine her purse and discovered a gun when he opened it. According to the witness, the first time she saw the gun was when the officer removed it from her purse.

■■ The defendant argues that the State's evidence fails to establish that she had knowledge, as required by section 24—1(a)(10), of the

existence of the firearm in her purse. Section 24—1(a)(10) is violated when a person knowingly possesses or carries in a vehicle or on his person a loaded firearm. It should be noted that knowledge of the presence of the weapon is an essential element of the offense, but this element may be proved by circumstantial evidence. *People v. Nunez* (1974), 24 Ill. App. 3d 163, 168, 320 N.E.2d 462.

■■ In this case, it is our duty to review the evidence and determine if from the evidence it can be inferred that defendant had knowledge of the existence of the weapon. Although it is undisputed that the gun in question was found in the defendant's purse, she maintains that she saw it for the first time when the officer examined the contents of her purse. In our opinion, the evidence presented by the State is consistent with defendant's theory of the case. A review of the State's evidence establishes that co-defendant Anderson admitted placing the weapon in Ms. Jefferson's purse. The evidence also establishes that Anderson had an opportunity to conceal the weapon in the defendant's purse without her knowledge since he was sitting in the car with her purse on the seat as she loaded groceries into the rear of the vehicle. Finally, there is no evidence that the defendant examined her purse after she got back into the car or before she turned it over to the police. When we consider the fact that co-defendant Anderson was the owner of the gun, admits placing the gun in Ms. Jefferson's purse, and had an opportunity to conceal the weapon in her purse without her knowledge, and given the fact that there is no other evidence that establishes a nexus between the defendant and the gun, we concluded that knowledge, a material element of the offense of unlawful use of weapons, was not established by the circumstantial evidence in this case. Therefore, we reverse the defendant's conviction because of the failure of the State to prove a material element of the offense charged.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

DIERINGER and SIMON, JJ., concur.